## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| **Steven N. Caviness,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:09-CV-00098-JRH-WLB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **James R. Holland, II, and** | ) | |
| **Wettermark, Holland** | ) | |
| **& Keith, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

COMES NOW, Steven N. Caviness, Plaintiff in the above-styled action (hereinafter "Mr. Caviness" or "Plaintiff") and, pursuant to Southern District of Georgia Local Rule 56 and FED. R. CIV. P. 56(d)(2), files timely this his Plaintiff's Brief in Support of Plaintiff's contemporaneously filed Motion for Partial Summary Judgment as to Liability for Defendants' clear and palpable legal malpractice and breach of fiduciary duty showing this Honorable Court as follows.

### I.  FACTUAL BACKGROUND

#### A.    Overview

This is a legal malpractice suit against attorney James R. Holland, II ("Defendant Holland") and his law firm Wettermark, Holland & Keith, LLC

("Defendant Law Firm") (collectively "Defendants"), all of Birmingham, Alabama. Defendant Holland is licensed to practice law in Florida, Alabama and Georgia.[1] Defendant Holland's law practice primarily involves representing injured railroad employees like Mr. Caviness by bringing those injured employees' claims against the various railroads under the Federal Employer Liability Act ("FELA").[2]

This legal malpractice case against these Defendants arises out of Defendants' failure to timely file Mr. Caviness' FELA claims within the applicable three (3) year statute of limitations period.[3]

### B.   Derailment and Injury Facts

On November 15, 2004, Mr. Caviness, an Engineer with CSX Transportation, Inc. ("CSX"), was operating CSX Engine number CSX8972 - UP7124 out of Atlanta, Georgia, bound for Augusta.[4]  Mr. Caviness, his crew and the locomotive did not make it to Augusta because the train derailed at milepost YY0090.8 near Swords, Morgan County, Georgia.[5] Mr. Caviness' head hit a side window inside the cab of the

---

[1] [Doc.40, pp.18-19].

[2] [Doc.40, p.12].

[3] [Doc.38, Ex 1 thereto].

[4] [Doc.40, Attachment #2, Ex 10, p. 33;and Ex 18].

[5] [Doc. 38, Ex 13 and Ex 14 thereto].

locomotive, and he was jerked violently back and forth injuring his back as the train derailed.[6]

Mr. Caviness was severely injured during the November 15, 2004, derailment. Immediately after the derailment, Mr. Caviness told the locomotive's Conductor, Brad Faglier, that he had been injured during the derailment.[7] Mr. Caviness spoke to his CSX Supervisors, Mr. Jeffrey Scott Evans ("Supervisor Evans") and Train Master Cathy Davis ("Train Master Davis") after the train derailed on November 15, 2004, when Supervisor Evans, Train Master Davis, and other CSX personnel arrived on the derailment scene.[8] Mr. Caviness reported to Supervisor Evans and Train Master Davis that he had been injured during the derailment and requested a CSX Form PI 1A personal injury form.[9] Train Master Davis gave Mr. Caviness a PI 1A form. Mr. Caviness was to report to a safety meeting at CSX offices in Augusta, Georgia the next morning, November 16, 2004. During the safety meeting, Mr. Caviness completed and submitted the PI 1A form.[10]

---

[6] [Doc.41, pp.51-52].

[7] [Doc.38, Ex 1 thereto; Doc.41, p. 28].

[8] [Doc.38, Ex 1 thereto; Doc.41, pp.90, 98; and Doc.40, Attachment #5, Ex 35 thereto].

[9] [Doc.41, pp.25, 90, 98, and Doc.40, Attachment #2, Ex 10, Attachment #5, Ex 31 (Exhibit 1: Affidavit of Evans thereto); Attachment #5, Ex 35 (Exhibit B thereto: Depo of Evans, pp.14, 17, 19, 23, 30, 37].

[10] [Doc.40, Attachment #1, Ex 2 thereto].

Thereafter, Mr. Caviness' injuries caused him to undergo several epidural procedures, caused him to consume pain medication to relieve pain, caused him to undergo rehabilitation therapy, and caused him to undergo an MRI.[11]   After exhausting all non-invasive medical procedures, all to no avail, Mr. Caviness' injuries required surgery to correct herniated discs in his back.[12]   Due to his injuries, the resulting medical procedures, surgery and rehabilitation, Mr. Caviness was out of work for at least seven (7) months and was cleared to return on August 25, 2005, by Dr. Oetting.[13]   Mr. Caviness' back injuries continue to be aggravated by his Engineering duties for CSX thus, Mr. Caviness continues to suffer and continues to miss days from work because of his injuries.  At this time, it is uncertain whether Mr. Caviness will require additional surgery or be able to continue his duties with CSX.[14]

### C.    Attorney-Client Relationship Facts

There is no dispute that Mr. Caviness had an attorney-client relationship with Defendants.  Mr. Caviness was referred to Defendants by Mr. Mike Dickerson ("Mr.

---

[11] [Doc.41, pp.52, 99].

[12] [Doc.41, pp.46, 52, 53, 56, 57].

[13] [Doc.41, pp. 15, 53].

[14] Mr. Caviness has a follow up appointment scheduled at the end of July of 2010 with his orthopaedic surgeon, Dr. Oetting, for further evaluation.

Dickerson"), a former employee of CSX who now works for Defendants.[15] Defendant Holland first met with Mr. Caviness on January 19, 2007, at Mr. Caviness' home in Augusta, Georgia.[16]  During their first meeting, Defendant Holland asked Mr. Caviness Defendant Holland's standard questions, "How did you get hurt?  How bad are you hurt?  What's your work status?"[17] Also during their first meeting, Defendant Holland filled in the blanks on Defendants' FELA Authority to Represent contract thereby acknowledging that Mr. Caviness' severe back injuries occurred on November 15, 2004, when Mr. Caviness' train derailed.[18]

During October, 2007, Defendant Holland spoke again with Mr. Caviness to discuss his FELA claims.[19] Defendants knew in the October 2007 discussion, that Mr. Caviness' statute of limitations date was fast approaching on November 15, 2007. Indeed, "alarm bells were going off" regarding the November 15, 2007, FELA statute deadline.[20]

---

[15] [Doc.41, p.26; and Doc.52, p.37].

[16] [Doc.40, pp.81, 103, 107].

[17] [Doc.40, p.81].

[18] [Doc.40, pp.104, 107].

[19] [Doc.40, p.86, 96].

[20] [Doc.40, p.86 and Doc.51, pp.52-53].

On October 22, 2007, Defendants received their FELA Authority to Represent fee contract back in the mail signed by Mr. Caviness.[21]  Defendants' representation of Mr. Caviness lasted through September 2008, when the Jefferson Circuit Court granted Defendants' Motion to Withdraw from representation.[22]

### D.    Breach of Duty Facts

Defendants' legal, fiduciary and ethical duties began on or before October 22, 2007, when Defendants received Mr. Caviness' signed FELA Authority to Represent contract.[23]    In fact, Defendants have admitted their attorney-client relationship.[24] Defendant Holland admits that not only did he owe Mr. Caviness legal duties but he also owed his client Mr. Caviness fiduciary duties such as the duty of good faith, duty of loyalty and duty of candor.[25]   Several days later, on October 31, 2007, Mrs. Stephanie Little ("Mrs. Little"), a former paralegal with Defendants, used Defendants' FELA Authority to Represent signed by Mr. Caviness and entered Mr. Caviness' November 15, 2007, statute of limitations date into Defendants' Time Matters

---

[21] [Doc.40, pp.87, 104, 107-108)

[22] [Doc.40, p.215].

[23] [Doc.40, pp.104, 107-108]

[24] [Doc.1, Attachments #1 Complaint ¶ 2, and Attachment # 2, Defendants' Answer in this case, ¶ 2].

[25] [Doc.40, p.215].

computer program.[26] As requested by Defendant Holland, Mrs. Little also placed Mr. Caviness' paper file on the corner of Defendant Holland's desk, and Mr. Caviness' paper file was on Defendant Holland's desk on November 15, 2007, when the FELA statute of limitations period expired.[27] Again, Mrs. Little obtained Mr. Caviness' November 15, 2007, statute of limitations date from the contract for representation prepared by Defendant Holland in his own handwriting back on January 19, 2007.[28]

On the morning of November 16, 2007, Mrs. Little informed Defendant Holland that Defendants had missed the November 15th deadline to file Mr. Caviness' FELA case against CSX.[29] Defendants acknowledge that on the morning of November 16, 2007, they knew they had missed the November 15th deadline to file Mr. Caviness' FELA claims.[30]

At 1:11 p.m. on November 16, 2007, Defendants electronically filed Mr. Caviness' FELA Complaint against CSX in the Circuit Court of Jefferson County,

---

[26] [Doc.40, p.86; Doc.51, p. 37-38, 42, 52-54].

[27] [Doc.51, pp. 50-51, 65].

[28] [Doc.51, p.37-38, 42, 52, 54; Doc.40, p.107].

[29] [Doc.51, pp.65,66].

[30] [Doc.40, pp.69, 152].

Alabama.[31]  In the initial late FELA Complaint, Defendants pled that Mr. Caviness'
injury occurred on November 16, 2007.[32]

On December 7, 2007, CSX filed its Answer raising as it First Affirmative
Defense--the fact that Defendants herein had missed the November 15th statute of
limitations deadline.[33]

On February 4, 2008, Defendants filed a First Amended Complaint ("Amended
Complaint") on behalf of Mr. Caviness.[34]  The Amended Complaint had some very
drastic changes from the initial Complaint filed by Defendants.  Notably, Defendants
plead in the Amended Complaint that Mr. Caviness' injuries occurred on November
15, 2004, but remained latent until November 16, 2004.[35]  This is a notable departure
from Defendants' original pleading in the initial Complaint, and a **clear admission**
that Mr. Caviness' acute injuries occurred during the November 15, 2004 derailment.[36]
Moreover, Defendant Holland's own case notes produced from his laptop computer[37]

---

[31] [Doc.40, Attachment #3, Ex 25 thereto].

[32] [Doc.40, Attachment #3, Ex 25, ¶ 7].

[33] [Doc.40, Attachment #3, Ex 26, p.3 thereto "First Defense"].

[34] [Doc.40, Attachment #4, Ex 30].

[35] [Doc.40, pp. 174-176; Ex 30, ¶ 4, p.2].

[36] [Doc.40, pp.174-176].

[37] [Doc.54, Ex 32 thereto].

reaffirm what Mr. Caviness told Defendant Holland during their earlier 2007 meeting and discussions --that Mr. Caviness felt back pain during the derailment and that he reported his injuries to Train Master Davis on November 15th shortly after the derailment.[38]

On March 10, 2008, CSX filed its Motion for Summary Judgment citing Defendants' failure to timely file Mr. Caviness' Complaint on November 15, 2007, as the sole reason for its Motion.[39]  In their Motion for Summary Judgment, CSX pointed out that well-established law clearly shows that Defendants herein were trying to transparently circumvent the three (3) year FELA statute of limitations period for the acute injury, time of the event rule.[40]

In preparing to respond to CSX's Motion for Summary Judgment, Defendant Holland deposed Mr. Caviness' Supervisor, Mr. Evans.[41]  In his deposition and again in his Affidavit in support of CSX's Motion for Summary Judgment,[42] Mr. Evans

---

[38] [Doc.40, pp.178-181; and Doc.54, Ex 32 thereto].

[39] [Doc.40, Attachment #4, Ex 31 thereto].

[40] [Doc.40, Attachment #4, Ex 31 thereto].

[41] [Doc.40, Attachment #5, Ex 35 thereto at (Exhibit B–Depo of Evans, pp.14, 17, 19, 23, 30, 37)].

[42] [Doc.40, Attachment #4, Ex 31 thereto at (Exhibit 1--Evans' Affidavit)].

testified that Mr. Caviness reported that he was injured on November 15, 2004, immediately after the derailment.[43]

On September 2, 2008, the Circuit Court of Jefferson County, Alabama, Birmingham Division, granted CSX's Motion for Summary Judgment citing Defendants' failure to timely file Mr. Caviness' FELA claims on November 15, 2007, as the sole reason for granting CSX's Motion.[44] Upon receipt of the Circuit Court's Order granting CSX's Motion for Summary Judgment for filing Mr. Caviness' FELA case too late, Defendants acknowledged that Mr. Caviness' case was forever lost as Defendant Holland finally accepted the fact that Mr. Caviness' acute injuries occurred on November 15th when the train derailed.[45]

Defendant Holland admits in this case that after missing the November 15th filing deadline, he met with and told Mr. Caviness in December 2007, that Defendants had intended to file Mr. Caviness' FELA case on or before the November 15th deadline, but failed to do so.[46]

---

[43] [Doc.40, Attachment #4, Ex 31 thereto at (Exhibit 1--Evans' Affidavit)]; and [Doc.40, Attachment #5, Ex 35 thereto at (Exhibit B–Depo of Evans, pp.14, 17, 19, 23, 30, 37)].

[44] [Doc.38, Ex 1 thereto].

[45] [Doc.40, pp.71, 72].

[46] [Doc.40, p.152].

## II.  ARGUMENT AND CITATION OF AUTHORITY

A.    Standard of Review

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the Movant, Mr. Caviness in this case, is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The Court should view the evidence and any inferences that may be drawn in the light favorable to the nonmovant.  Weems v. Coca-Cola Company, 2006 WL 2523019 (N.D.Ga.).  "The movant's [Mr. Caviness'] burden is discharged by 'showing' that is, pointing out to the district court that there is an absence of evidence to support the nonmoving party's case."  National Union Fire Insurance Company of Pittsburgh v. Olympia Holding Corporation, et al. 1996 WL 33415761 (N.D.Ga.), quoting Celotex v. Catrett, 477 U.S. 317, 325, 106 S.Co. 2548, 91 L.Ed.2d 265 (1986); see also United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991).

Mr. Caviness shows that there is an absence of a genuine issue of material fact as to both Defendants' duties owed to Mr. Caviness and Defendants' breaches thereof; therefore, Mr. Caviness is entitled to partial summary judgment.  Weems 2006 WL 2523019 at 2, citing Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S.Co. 2548, 91 L.Ed.2d 265 (1986).  Because Mr. Caviness can meet his burden by showing that no

genuine issue of material fact exists as to Defendants' duties and breaches thereof, the burden then shifts to Defendants, who must go beyond the pleadings, depositions and affidavits and present affirmative evidence to show that a genuine issue of material fact does exist.  Id. citing Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   Under the facts established in this case, Defendants will not be able to meet their burden to show that a genuine issue of material facts exists as to Defendants' duties and breaches thereof, and Mr. Caviness' Motion for Partial Summary Judgment as to Defendants' Liability should therefore be granted.

It is well settled law in Georgia that a claim for legal malpractice requires proof of three (3) elements: 1) the existence of an attorney-client relationship which gives rise to certain duties; 2) a breach of duty; and 3) damage proximately caused by the breach.  Tante v. Herring, 264 Ga. 694, 694, 453 S.E.2d 686, 687 (1994).  In order to establish initial liability for partial summary judgment, it is only necessary that Mr. Caviness show the first two elements; to wit: 1) duty and 2) breach.  Peters v. Davis, 214 Ga.App. 885, 449 S.E.2d 624 (1994).  Federal Rule 56 provides for the use of partial summary judgment as to liability wherein it provides: "[a] summary judgment may be rendered **on the issue of liability alone** although there is a genuine issue as to the amount of damage."  Fed.R.Civ.P. 56(c).  Partial summary judgment as to

liability in a legal malpractice case is appropriate as demonstrated by the Georgia Supreme Court's decision to uphold the grant of partial summary judgment on liability by the lawyer's breaches of duty.  <u>Tante v. Herring</u>, 264 Ga. 694, 453 S.E.2d 686 (1994).  Partial summary judgment should thus be granted leaving only the issue of the amount and extent of the damages to be determined by the trier of fact.

Thus, clearly in this case, Defendants' failure to file Mr. Caviness' FELA claims against CSX within the applicable FELA three (3) year statute of limitations period entitles Mr. Caviness to partial summary judgment against Defendants as to liability as a matter of law with the only remaining issue to be tried being the extent and amount of the damages suffered by Mr. Caviness and the amount of attorneys' fees and punitive damages authorized against these Defendants.

## B.   <u>Elements of Claim for Legal Malpractice</u>

It is hornbook Georgia law that it is an attorney's duty to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the task which they undertake.  <u>Hughes v. Malone</u>, 146 Ga.App. 341, 247 S.E.2d 107, 110 (1978).[47]  In Georgia, for summary judgment, most cases require an expert affidavit of another Georgia licensed attorney to establish

---

[47]See also [Doc.1, Attachment #1 Mr. Caviness Complaint, Ex A thereto-Affidavit of Paul Bennett, Esq.].

that a lawyer "failed to exercise the degree of skill, prudence and diligence of lawyers or ordinary skill." Kellos v. Sawilosky, 254 Ga. 4, 325 S.E.2d 757, 758 (1985).[48]

Importantly, Georgia law does **not** require an expert opinion for summary judgment where the acts or omissions of the defendant attorney **constitute clear and palpable negligence**. Berman v. Rubin, 138 Ga. App. 849, 227 S.E.2d 802 (1976). In Berman, Judge Irwin W. Stolz, Jr. wrote:

> "Hence, **except in clear and palpable cases (such as the expiration of a statute of limitations),** expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which constitutes malpractice."
>
> Id. at 806. (Emphasis added).

Furthermore, in Hughes, the Georgia Court of Appeals also dealt with the issue of the effectiveness of an attorney's representation. In that case, the Court of Appeals found that although an attorney is not an insurer of results:

> "When, after undertaking to accomplish a specific result, he then willfully or negligently fails to apply commonly known and accepted legal principles and procedures through ignorance of basic, well

---

[48]Id.  Although expert testimony is not required, Mr. Caviness has both the expert Affidavit [Doc.1, Attachment #1 Mr. Caviness Complaint, Ex A thereto-Affidavit of Paul Bennett, Esq.]; the Expert Report [Doc.10];  and the deposition testimony of expert Paul Bennett, Esq. [Doc.42, pp. 33, 47, 48, 50, 53, 66, 78, 89, 92].

established and unambiguous principles of law or through a **failure to act reasonably to protect his client's interests, then he has breached his duty toward the client**."

Hughes, 146 Ga.App. at 345, 247 S.E.2d at 111.  (Emphasis added).

### 1.   **Malpractice Element 1- Duty**

In this case, there is no dispute as to the material facts of Defendants' attorney-client relationship with Mr. Caviness.   Defendants admit an attorney-client relationship and that they undertook the representation of Mr. Caviness to pursue Mr. Caviness' FELA claims arising out of the derailment of November 15, 2004.[49] Furthermore, Defendants have clearly admitted that they owed Mr. Caviness fiduciary duties of loyalty, good faith, candor and zeal.[50]  Therefore, by virtue of their admitted attorney-client and fiduciary relationship with Mr. Caviness, Defendants had a duty and an obligation, *inter alia*, to represent faithfully, honestly and diligently the interests of Mr. Caviness and to timely preserve and pursue Mr. Caviness' FELA claims by adhering to all necessary filing deadlines which included the applicable

---

[49] [Doc.1, Attachment #1 Complaint ¶ 2, and Attachment #2-Defendants' Answer, ¶ 2]; [Doc.40, p.215]; [Doc 40, Ex 23 thereto- FELA Authority to Represent contract].

[50] [Doc.40, p.215].

three (3) year FELA statute of limitation deadline.[51]  Clearly, the first element necessary to maintain Mr. Caviness' claims in this case, the existence of a duty, is clear and undisputed!

### 2.    <u>Malpractice Element 2-Breach</u>

Regarding the second element of Mr. Caviness' claim against these Defendants, it is also undisputable that Defendants failed to file suit on Mr. Caviness' FELA claims within the applicable three (3) year FELA statute of limitations period and thus, breached their duties to Mr. Caviness.[52]

Defendants deviated below the clear and palpable legal standard in Georgia at least, *inter alia*, by failing to file suit timely against CSX before the applicable three (3) year FELA limitation period expired, thereby failing to protect and preserve the rights and interests of Mr. Caviness and forever forfeiting same.  Thus, the record and Defendant Holland's own admissions demonstrate that there exists no issue of fact that Defendants failed to file suit against CSX prior to the expiration of the FELA statute of limitations.  Hence, the second element necessary to establish Mr. Caviness'

---

[51] <u>Berman</u>, at 806; [Doc.1, Attachment #1 Mr. Caviness Complaint, Ex A thereto-Affidavit of Paul Bennett, Esq.]; the Bennett Expert Report [Doc.10]; and the deposition testimony of expert Paul Bennett, Esq. [Doc.42, pp. 33, 47, 48, 50, 53, 66, 78, 89, 92].

[52] [Doc.1, Attachment #1 Mr. Caviness Complaint, Ex A thereto-Affidavit of Paul Bennett, Esq.].

-16-

claims in this case is clear and undisputed, entitling Mr. Caviness to Partial Summary

Judgment as to Liability as a matter of law.

### 3.  **Malpractice Element 3-Damages**

"An interlocutory summary judgment may be rendered on liability alone, even

if there is a genuine issue on the amount of damages."  Fed.R.Civ.P. 56(d)(2).  "...[I]t

is not the special damage or injury resulting from the wrongful act which gives rise

to a cause of action, but ...the fact that nominal damages may be recoverable that is

sufficient to create a cause of action...."  Jankowski v. Taylor, Bishop & Lee, et al.,

246 Ga. 804 (1980).

Prior to Mr. Caviness' hiring Defendants on or before October 22, 2007, to file

suit against CSX,  Mr. Caviness had received a one hundred forty-five thousand dollar

($145,000) offer from CSX to settle Mr. Caviness' pre-suit claims.[53]  Prior to the time

of CSX's offer, Defendant Holland had already represented to Mr. Caviness that his

claims against CSX were worth much more.  In fact, Mr. Caviness recalls Defendant

Holland representing that Mr. Caviness claims were worth at least one millions dollars

($1,000,000.00).[54]

---

[53] [Doc.41, p.58, and Doc.40, Attachment #3, Ex 27 thereto].

[54] [Doc.41, p.63].

Clearly, Defendants wanted to pursue Mr. Caviness' very viable claims against CSX.  Indeed, Mr. Caviness had a viable claim for damages upon his October 2007, retention of Defendants.  While there may be a dispute as to the extent of the damages that Mr. Caviness suffered in the underlying case, there is no dispute that he had suffered some damages.  Consequently, Defendants' failure to file suit within the applicable FELA statute of limitations period resulted in a forfeitrure of Mr. Caviness' otherwise viable claims, which constitute substantial damage to him in this case. Although the amount and extent of the damages are contested between the parties, "[a]n interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages."  Fed.R.Civ.P. 56(d)(2).  This is just such a case, and Mr. Caviness is entitled to partial summary judgment as a matter of law as to Defendants' clear and palpable liability.

<u>CONCLUSION</u>

There is no dispute that Defendants and Mr. Caviness had an attorney-client relationship.  There is no dispute that Defendants undertook to represent Mr. Caviness with regard to his FELA claims against CSX and therefore, were under an obligation to ensure that Mr. Caviness' claims were timely preserved and protected.  There is no dispute that Mr. Caviness' FELA claims arising out of the November 15, 2004,

derailment were not filed timely by Defendants against CSX within the applicable three (3) year statute of limitations period.

Therefore, Defendants' failure to timely file and preserve Mr. Caviness' FELA claims against CSX constitute clear and palpable legal malpractice and breach of fiduciary duties. As a direct and proximate result of Defendants' failure to timely file Mr. Caviness' FELA claims, Mr. Caviness' claims arising out of the November 15, 2004, derailment have been forever lost, thus causing him substantial damages. Consequently, Mr. Caviness is entitled to partial summary judgment as a matter of law as to Defendants' liability, thereby leaving only the issue of the extent and amount of the damages to be determined by the trier of fact.

Respectfully submitted this 12th day of July, 2010.


/s/ DOUGLAS V. CHANDLER
DOUGLAS V. CHANDLER, ESQ.
Georgia Bar No. 783525


/s/ HENRY N. CRANE III
HENRY N. CRANE III
Georgia Bar No. 193197
Attorneys for Plaintiff

BELTRAN & CHANDLER
Atlantic Center Plaza, Suite 2450
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 892-3100

DURHAM & CRANE LAW FIRM, P.C.
2350 Washington Road
Augusta, Georgia 30904
(706) 738-7111

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Brief In Support Of Plaintiff's Motion for Partial Summary Judgment As To Liability was served upon the following individuals via email by uploading same through the Federal Court's CM/ECF system, addressed as follows:

Peter Werdesheim, Esq.
Carlock, Copeland & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Ave.
Atlanta, Georgia 30303

This 12th day of July, 2010.

By:   /s/ Henry N. Crane III
      Henry N. Crane III
      Georgia Bar No. 193197

Durham & Crane Law Firm, P.C.
2350 Washington Road
Augusta, Georgia 30904
(706) 738-7111